UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

          Petitioner,

vs.

FISHER SAND & GRAVEL, CO.,

          Respondent.

Case No.  2:12-cv-00649-JCM-CWH

**ORDER**

      This matter is before the Court on Petitioner's Application for Order to Show Cause Why a Subpoena Should Not Be Enforced (#1), filed on April 17, 2012.  The Court also considered Respondent's Response (#3), filed on May 4, 2012, Declaration of Clayton Brust (#4), filed on May 4, 2012, and Petitioner's Reply (#7), filed on June 1, 2012.

## BACKGROUND

      Melissa Aarskaug ("Charging Party") worked as a Project Engineer for Respondent from April 23, 2007 through June 6, 2008.  On November 17, 2008, Charging Party filed a charge with the Nevada Equal Rights Commission ("NERC") alleging that Respondent subjected her to discrimination based on sex, sexual harassment, and retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*.  On November 24, 2008, NERC forwarded the charge to the Equal Employment Opportunity Commission ("EEOC") for investigation.  On March 11, 2010, the EEOC issued Subpoena No. 10-0003 ("Subpoena") requiring Respondent to produce the following: (1) All emails between Mr. Cody Hardy and Ms. Jessica Splechd from June 25, 2009 through July 2, 2009; (2) List of all employees who were employed in the same facility as Charging Party during the time period of April 23, 2007 to the present with their name, social security number, date of hire, position title, and last known home address and telephone number.  *See* Petitioner's Application (#1: Exhibit 3).  Respondent responded to the Subpoena by providing limited

information regarding the identities of its employees and objecting to requests it believed to be overbroad and not relevant to the charge. Respondent then filed a Petition to Revoke or Modify the Subpoena pursuant to 29 C.F.R. § 1601.16(b). On May 27, 2011, the EEOC issued a determination denying Respondent's Petition. On April 17, 2012, the EEOC filed this Application seeking judicial enforcement of the Subpoena pursuant to 29 C.F.R. Section 1601.16(d).

## DISCUSSION

Pursuant to 29 C.F.R. § 1601.16(c-d), the EEOC may utilize the procedures of section 11(2) of the National Labor Relations Act, 29 U.S.C. 161(2), to apply for a court order requiring the production of subpoenaed information. The Supreme Court set forth the standard for judicial enforcement of administrative subpoenas in *United States v. Morton Salt Co.*, 338 U.S. 632 (1950). The Court stated that an agency's investigation is lawful if "the inquiry is within the authority of the agency, the demand is not too indefinite, and the information sought is reasonably relevant." *Id.* at 652. Additionally, the Ninth Circuit has clarified that the "scope of our inquiry in an agency subpoena is narrow." *FDIC v. Garner*, 126, F.3d 1138, 1142 (9th Cir. 1997) (citations omitted). The Ninth Circuit deems three questions critical to the judicial inquiry including: "(1) whether Congress has granted the authority to investigate; (2) whether procedural requirements have been followed; and (3) whether the evidence is relevant and material to the investigation." *EEOC v. Federal Express Corp.*, 558 F.3d 842, 848 (9th Cir. 2009) *(citing EEOC v. Children's Hosp. Med. Ctr. Of N. Cal.*, 719 F.2d 1426, 1428 (9th Cir. 1983) (en banc) (abrogated on other grounds by *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991))). Once the agency has established these prerequisites to enforcement, the court must enforce the subpoena unless the party being investigated proves the evidence sought is "unreasonable because it is overbroad or unduly burdensome." *Children's Hosp.*, 719 F.2d at 1428.

**A. Congressional Grant of Authority**

In this case, the EEOC is investigating charges alleging that Respondent engaged in discrimination, harassment, and retaliation in violation of Title VII. Undoubtably, Congress has authorized, and in fact mandated, that the EEOC investigate such charges. *See* 42 U.S. C. § 2000(e)-5(b); *see also* 29 U.S.C. § 161. To carry out that mandatory duty, the EEOC has a broad

statutory right of access to relevant information. *See Federal Express*, 558 F.3d at 849. That right entitles the EEOC to issue administrative subpoenas. *See EEOC v. Deer Valley Unified School Dist.*, 968 F.2d 904, 906 (9th Cir. 1992) (stating the "investigatory subpoena power of the EEOC is based on specific statutory authority").

### B. Procedural Requirements Followed

In issuing the March 11, 2010 Subpoena, the EEOC asserts that it followed the procedural requirements and Respondent does not contend otherwise. On its face, the Subpoena indicates that it was issued pursuant to 42 U.S.C. § 2000(e)-9. Further, the Subpoena contains all information required by 29 C.F.R. § 1601.16.

### C. Relevancy and Materiality

The relevancy requirement is not especially constraining. The term relevant is generally construed to afford the EEOC access to any material that "might cast light on allegations against the employer." *Federal Express*, 558 F.3d at 855 (citations omitted). Here, the EEOC has a realistic expectation that the emails and employee information sought will provide it with an opportunity to determine whether Defendant violated Title VII. It argues that the emails will assist it in determining whether the Charging Party's alleged harasser subjected other women to a hostile work environment. The Court notes that the subpoena is not required to request evidence that is specifically relevant to proving the Charging Party's discrimination charge as long it is relevant to the investigation. *Id.* Here, the Charging Party alleges that "it was the attitude in the office that a woman cannot and/or should not be in the engineering field, and that any woman engineer should be working only in a subservient, assisting role to the men." See EEOC's Application, Exh. 1. Consequently, even though this is an individual charge of discrimination, the EEOC has the authority to investigate whether systemic discrimination occurred based on the allegation. *See Federal Express*, 558 F.3d at 855 (finding company-wide data relevant to the allegation of systematic discrimination). Additionally, the EEOC identifies the emails as relevant to determining whether respondent enacted any corrective or remedial measures toward the alleged harasser. The Court notes that such information would be relevant to the EEOC's investigation into whether Respondent allowed a hostile work environment to persist. Similarly, the EEOC seeks employee

information from those employed at the same facility as the Charging party that may allow it to identify potential witnesses to prove the Charging Party's claim. Therefore, the EEOC has met its burden of showing the relevancy and materiality of the subpoenaed data.

### D. Overbroad or Unduly Burdensome

Because the EEOC has met its initial burden of establishing the prerequisites to enforcement, the burden shifts to the Respondent to prove the evidence sought is "unreasonable because it is overbroad or unduly burdensome." *Children's Hosp.*, 719 F.2d at 1428. Respondent contends that the subpoena is overbroad as to the requested emails because they are for a time period more than a year after the Charging Party was discharged and include an employee who was not an office mate of the Charging Party. In contrast, the EEOC argues that it demonstrated restraint by limiting the time span to one week and employees involved to the alleged harasser and another female employee identified through the course of the investigation. Although the emails requested post-date the Charging Party's discharge, part of the EEOC's investigation involves determining if a sexually hostile work environment persisted. Therefore, the Court is not convinced by the Respondent's temporal argument regarding overbreadth.[1] Similarly, the Court is not persuaded that the fact that the emails are between another female employee and the alleged harasser places them outside the scope of the EEOC's investigation. The EEOC seeks this information to determine whether the Charging Party's alleged harasser engaged in the same conduct, at the same facility, reasonably close in time to the charge at issue, against another female employee. The discrimination charge, although brought by an individual, raises the specter of systemic discrimination. As such, the EEOC has jurisdiction to seek information related to another female employee in its investigation of whether Respondent created an ongoing sexually hostile work environment in violation of Title VII. *See Federal Express.*, 558 F.3d at 855 (finding the subpoena is not overbroad in requesting company-wide because it is relevant and material to the

---

[1] In *EEOC v. Bashas', Inc.*, 828 F.Supp.2d 1056 (D. Ariz. 2011), the Court found that Respondent did not prove that the EEOC engaged in an impermissible fishing expedition by requesting four years of data and Respondent's suggested limitation for one year prior to the charge was not supported by any justification.

investigation). Therefore, the emails requested relate to the same basis as the underlying charge and does not constitute an overbroad request. *Cf. EEOC v. Souther Farm Bureau Casualty Insurance Co.*, 271 F.3d 209 (5th Cir. 2001) (finding request for information about gender of employees not relevant to investigation of race discrimination charge).

Regarding the requested employee information, Respondent contends that the subpoena is overbroad because it is not limited in time to those employees who were employed contemporaneously with the Charging Party. In response, the EEOC argues that the request for information from the Charging Party's hire date, April 23, 2007, through the present is not overbroad for two reasons. First, it is entitled to contact witnesses to support or deny the allegation of an ongoing sexually hostile environment. Second, the EEOC is entitled to investigate if other members of the protected class were affected by the same unlawful conduct, namely, subjected to an ongoing sexually hostile work environment. Given the nature of the charge, the Court finds that the Respondent has not met its burden of demonstrating that the employee information requested is overbroad temporally. The relevant time frame is not merely when the Charging party was employed because whether the same behavior occurred after the Charging party's discharge to other female employees and identifying employees with knowledge of such incidents is relevant to the investigation. Although the Respondent provided limited information in response to this request, the EEOC seeks access to the universe of relevant information to properly investigate whether Respondent violated Title VII and the employee information does not constitute an overbroad request. Therefore, Respondent did not carry its burden to demonstrate that the requested information is overbroad or unduly burdensome and the Court finds that the subpoena should be enforced.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Petitioner's Application for Order to Show Cause Why a Subpoena Should Not Be Enforced (#1) is **granted** subject to the modification that Respondent does not need to appear before the Court and show cause, but rather, Respondent shall comply with the subpoena.

1  DATED this 11th day of September, 2012.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**